**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
-------------------------------------------------------------------------x

**MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG**

                           **Plaintiff,**

                     -against-                          Case No.:

**Global American Transport LLC**

                          **Defendant.**

-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED COMPLAINT PRAYING FOR ISSUANCE OF WRIT OF ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B**

Plaintiff MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG ("**Plaintiff**") submits this memorandum of law in support of its Verified Complaint requesting this Court to issue an order directing the Clerk of the United States District Court for the Eastern District of Missouri to issue a Writ of Maritime Attachment and Garnishment pursuant to Supplemental Rule B in the form of the proposed order, submitted herewith. More specifically, Plaintiff seeks to attach the tangible or intangible property belonging to Defendant Global American Transport LLC ("**Defendant**" or "**GAT**") held by (or due from) proposed garnishee BMO Harris Bank N.A.

Plaintiff respectfully submits that all requirements for issuance of an order of maritime attachment pursuant to Supplemental Rule B are readily satisfied here. In that regard, Supplemental Rule B(1)(b) provides, in pertinent part, that "[t]he court must review the complaint

and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Supp. Rule B(1)(b). It is also well established that the relevant conditions of Rule B look to whether: "1) [the plaintiff] has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009); *see, e.g., Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208 (9th Cir. 2010); *Peninsula Petroleum Far E. Pte. Ltd. v. Crystal Cruises, LLC*, No. 4:22-CV-337, 2022 WL 2239847 (S.D. Tex. June 22, 2022); *Denali Shipping LP v. Van Oil Petroleum Ltd.*, No. 18-22364-CIV, 2018 WL 7820217 (S.D. Fla. Aug. 31, 2018);.

Here, as to the first requirement, there can be no question that Plaintiff has a valid prima facie admiralty claim against Defendant for amounts owed and/or damages resulting from Defendant's breach of their charter party, including unpaid hire, hull cleaning costs, bunkers redelivery costs incurred by Plaintiff. Plaintiff's Verified Complaint is replete with detailed allegations addressing all of the foregoing, all of which are fully incorporated herein. That includes the fact that the underlying merits of the dispute are being resolved in a different forum, namely an arbitration in London between the parties. *See Budisukma Permai SDN BHD v. N.M.K. Prod. & Agencies Lanka (Priv.) Ltd.*, 606 F. Supp. 2d 391 (S.D.N.Y. 2009) (Charter party for shipment by vessel was maritime a contract, with alleged breach of charter party being a valid prima facie

maritime claim, as required for maritime attachment to issue under Rule B, notwithstanding the charter party's arbitration clause governing the claimed breach).

Second, as is set forth in the accompanying Declaration of Steven T. Walsh, Defendant cannot be found within this District for purposes of Supplemental Rule B.

Third, Defendant's property is or soon will be within this District in the hands of garnishees. As alleged in the Verified Complaint, Defendant has accounts with BMO Harris Bank N.A., which has numerous branches within the District, including several branches in St. Louis, Clayton, and Sappington (and others included in the non-exclusive list included as Schedule A to Plaintiff's Verified Complaint). *Regions Equipment Finance Corp. v. Blue Tee Corp.*, 313 F.R.D. 568, 570 (E.D. MO 2016) ("funds held in a bank account concededly available and (for all intents and purposes, therefore) 'present' at a bank's branch in Missouri are subject to attachment in this State.") (quoting *W. Heritage Ins. Co. v. Asphalt Wizards*, 795 F.3d 832, 837 (8th Cir.2015)).

Fourth, and lastly, there is no statutory or maritime law bar to the attachment.

Further, Plaintiff respectfully requests pursuant to Rule 4(c) of the Federal Rules of Civil Procedure and the provisions of Rule B(1)(d)(ii) of the Supplemental Rules for Admiralty or Maritime Claims, that this Court order the appointment of undersigned counsel or any other person instructed by undersigned counsel, in addition to the United States Marshal, to serve Process of Maritime Attachment and Garnishment on the Garnishee BMO Harris Bank, together with other possible garnishees.

The persons who would be instructed by undersigned counsel to serve such process are to be over 18 years of age and not a party to this action.

For all the foregoing reasons, Plaintiff respectfully prays that the Court issue an Order directing the United States District Clerk for the Eastern District of Missouri to issue a Writ of Maritime Attachment and Garnishment directing the United States Marshal, his agent(s), Steven T. Walsh or any otherwise rightfully appointed person(s) to attach any of Defendant's property, tangible or intangible, which is or soon will be within this District and permitting the service of this Writ of Maritime Attachment and Garnishment upon all garnishee(s) to be determined.

Plaintiff prays for all other relief to which it may be entitled at law or in equity.

    SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Steven T. Walsh*
    Steven T. Walsh, #59546
    Timothy B. Niedbalski, #59968
    600 Washington Avenue - 15th Floor
    St. Louis, MO 63101-1313
    314-231-3332
    314-241-7604 (Fax)
    swalsh@sandbergphoenix.com
    tniedbalski@sandbergphoenix.com