IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:22-cv-01227 |
| vs. | ) ) |
| Global American Transport LLC, | ) ) |
| Defendant. | ) |

### BMO HARRIS BANK, N.A.'S ORIGINAL ANSWER TO WRIT OF GARNISHMENT AND ORIGINAL COUNTERCLAIM

BMO Harris Bank, N.A., Garnishee in the above-captioned cause ("BMO"), states as follows for its Answer to the Court's Writ of Maritime Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B, along with its Counterclaim:

### STATEMENT OF ANSWER

1. On November 18, 2022, the Court entered an Order for Writ of Maritime Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B. (ECF No. 11). The Court's Order directed the clerk to issue a Writ of Maritime Garnishment to BMO, ordering attachment of all of Defendants' assets and property in the possession BMO (the "Writ"); and ordering that upon service of the Writ, any attached property in the possession of BMO shall be held, and not removed from the District. (*Id.*).

2. In the November 18, 2022 Order, the Court service on any garnishee as described "is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business on the next business day" (the "Garnishment Period").

3. The November 18, 2022 Order were served on BMO on November 18, 2022. (ECF No. 14).

4. At the time the Writ was served, BMO was indebted to Defendant via funds held in a business banking account, in the sum of $2,120.35.

5. At the time of the opening of business on the day following service of the Writ (November 19, 2022), and throughout the Garnishment Period, the amount of $2,120.35 remained in Defendant's business banking account. BMO is holding that amount, pending the outcome of these proceedings and further disposition from the Court.

6. During the Garnishment Period, BMO was not in possession of any other funds, assets, property or effects belonging or owed to Defendant.

## **COUNTERCLAIM**

1. As a result of these proceedings, BMO retained counsel to assist with evaluating and responding to the Writ and the Court's November 18, 2022 Order.

2. Federal Rule of Civil Procedure 64 provides that in a garnishment action, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(1).

3. Under Missouri law, the Court shall:

> (1) make the garnishee a reasonable allowance for his or her trouble and expenses in answering the interrogatories, to be paid out of the funds or proceeds of the property or effects confessed in his or her hands. The reasonable allowances shall include any court costs, attorney's fees and any other bona fide expenses of the garnishee.
>
> (2) allow the garnishee, in addition to the reasonable allowance for his or her trouble and expenses in answering the interrogatories, to collect an administrative fee consisting of the greater of eight dollars or two percent of the amount required to be deducted by any court-ordered garnishment or series of garnishments arising out of the same judgment debt. Such fee shall be for the trouble and expenses in administering the notice of garnishment and paying over any garnished funds

available to the court. The fee shall be withheld by the employer from the employee, or by any other garnishee from any fund garnished, in addition to the moneys withheld to satisfy the court-ordered judgment. Such fee shall not be a credit against the court-ordered judgment and shall be collected first.

*See* Revised Missouri States, Section 525.230(1) and (2).

4. BMO is entitled to recover its costs and a reasonable attorney's fee, and submits that a sum of at least $3,500.00 would be a reasonable fee here. In addition, BMO is entitled to an administrative fee totaling two percent of the amount held, which totals $42.40.

WHEREFORE, Garnishee BMO Harris Bank, NA holds the sum of $2,120.35 pending the disposition of this matter, and respectfully requests the following relief:

(1) That all claims to the funds being held by BMO be determined and adjudicated, and that BMO be discharged from all liability to Plaintiff and Defendant.

(2) That BMO recover against Plaintiff or Defendant its costs and expenses, as set forth in its Counterclaim, including a reasonable attorney's fee in a total amount of at least $3,500.00, and an administrative fee of $42.40.

(3) For such other and further relief, general or special, at law or equity, to which BMO may show itself justly entitled.

## **VERIFICATION**

      I am an Operations Manager in the Subpoena Processing and Garnishments department at BMO Harris Bank, NA. I have reviewed BMO's Answer to the Court's November 18, 2022 Writ of Maritime Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B, know and understand the factual statements therein, and verify that said statements are true and correct to the best of my knowledge and belief.

*Kendall Harler* (signature)
Kendall Harler

Subscribed and sworn to before me this __9th__ day of December, 2022.

*Erin Hoffman* (signature)
Notary Public

My Commission Expires: __August 1st, 2023__

ERIN HOFFMAN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
August 01, 2023

4

Dated: December 9, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ Andrew J. Scavotto*
Andrew J. Scavotto, #MO57826
7700 Forsyth Blvd., Suite 1100
St. Louis Missouri 63105
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
andrew.scavotto@stinson.com

***Attorneys for BMO Harris Bank, N.A.***