IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

-------------------------------------------------------------------------x

MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG

                                                            Case No.: 4:22-CV-01227RWS

Plaintiff,

-against-

Global American Transport LLC

Defendant.

-------------------------------------------------------------------------x

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND VERIFIED COUNTERCLAIM

COMES NOW Defendant GLOBAL AMERICAN TRANSPORT LLC (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure,, and submits its Original Answer to Plaintiff MS "PUCON" SCHIFFFAHRTSGESELLSCHAFT MBH & CO. KG's (hereinafter "Plaintiff") Original Verified Complaint, with Original Counterclaim against Plaintiff, and would respectfully show the Court as follows:

1.     The allegations contained in Paragraph 1 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Complaint, and therefore Defendant denies the allegations.

3. Defendant admits the allegations contained in the Paragraph 3 of the Verified Complaint.

4. Defendant admits, in part, the allegation that there was a Charter Party between Defendant and NSC Shipping, but otherwise denies the allegations contained in Paragraph 4 of the Verified Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Verified Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Verified Complaint.

7. Defendant admits, in part, the allegations contained in Paragraph 7 of the Verified Complaint. Defendant denies the allegation that the sub-charter agreement required shipment from Orrskar to Alexandria.

8. Defendant admits the allegations contained in Paragraph 8 of the Verified Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Verified Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Verified Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Verified Complaint, and therefore Defendant denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Verified Complaint, and therefore Defendant denies the allegations.

13. Defendant admits, in part, the allegation that the Vessel berthed in Alexandria, Egypt on September 8, 2022, but otherwise denies the allegations contained in Paragraph 13 of the Verified Complaint.

14. Defendant admits, in part, the allegation that Plaintiff issued a letter of protest to Defendant, but otherwise denies the allegations contained in Paragraph 14 of the Verified Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Verified Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Verified Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Verified Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Verified Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Verified Complaint.

20. The allegations contained in Paragraph 20 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

21. Defendant admits the allegations contained in Paragraph 21 of the Verified Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Verified Complaint.

23. The allegations contained in Paragraph 23 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

24. The allegations contained in Paragraph 24 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations, therefore denies the allegations, and refers all questions of law to the Court.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Verified Complaint, and therefore Defendant denies the allegations.

26. Defendant reasserts its answers to Paragraphs one (1) through twenty-five (25) as if set forth herein at length.

27. The allegations contained in Paragraph 27 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

28. The allegations contained in Paragraph 28 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

29. The allegations contained in Paragraph 29 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

30. Defendant reasserts its answers to Paragraphs one (1) through twenty-nine (29) as if set forth herein at length.

31. Defendant admits, in part, the allegation that the dispute is being resolved by arbitration in London, but otherwise denies the allegations contained in Paragraph 31 of the Verified Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Verified Complaint, and therefore Defendant denies the allegations.

33. The allegations contained in Paragraph 33 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

34. The allegations contained in Paragraph 34 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

35. Defendant denies the allegations contained in Paragraph 35 of the Verified Complaint.

36. The allegations contained in Paragraph 36 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations and refers all questions of law to the Court.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Verified Complaint, and therefore Defendant denies the allegations.

38. Defendant further denies the allegations contained in the WHEREFORE Paragraph of the Verified Complaint.

## AFFIRMATIVE DEFENSES

Pleading further, and in the alternative, Defendant asserts the following affirmative defenses:

1. As and for a first affirmative defense, Defendant avers that the Verified Complaint fails to state a claim upon which relief can be granted.

2. As and for a second affirmative defense, Defendant avers that the Verified Complaint fails to state a cognizable cause of action as against Defendant upon which relief can be granted.

3. As and for a third affirmative defense, Defendant avers that Defendant is not the proximate cause of Plaintiff's claimed damages, if any.

4. As and for a fourth affirmative defense, Defendant avers that Plaintiff's claimed damages, if any, were the result of one or more intervening or superseding causes.

5. As and for a fifth affirmative defense, Defendant avers that Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages.

6. As and for a sixth affirmative defense, Defendant avers that Plaintiff's claims are barred by Plaintiff's own culpable conduct, other acts, omissions, or failure to act.

7. As and for a seventh affirmative defense, Defendant avers that Plaintiff's claimed damages, if any, were caused or occasioned by the conduct of Plaintiff and/or other persons or parties other than Defendant for whose conduct Defendant is neither responsible nor liable.

8. As and for an eighth affirmative defense, Defendant avers that the loss or damages sustained by Plaintiffs, if any, were the cause of conditions, circumstances, or the conduct of parties beyond the control of Defendant.

9. As and for a ninth affirmative defense, Defendant avers that the Verified Complaint should be dismissed due do insufficiency of service.

10. As and for a tenth affirmative defense, Defendant avers that the Verified Complaint should be dismissed due to this Court's lack of subject matter jurisdiction.

11. As and for an eleventh affirmative defense, Defendant avers that the Verified Complaint should be dismissed due to this Court's lack of personal jurisdiction over Defendant.

12. As and for a twelfth affirmative defense, Defendant avers that the Verified Complaint should be dismissed as the substantive merits of Plaintiff's alleged claims are subject to a mandatory and exclusive law and jurisdiction clause requiring all disputes to be heard in London Arbitration and subject to English Law.

13. Defendant reserves its right to seek the release of Plaintiff's Rule B attachment under Fed. R. Civ. P. Supplemental Rule E(4).

14. Defendant reserves its right to seek countersecurity for its counterclaim against Plaintiff under Fed. R. Civ. P. Supplemental Rule E(7).

## DEFENDANT'S ORIGINAL COUNTERCLAIM

COMES NOW, Defendant and Counter-Claimant GLOBAL AMERICAN TRANSPORT LLC (hereinafter "GAT" "Counter-Claimant"), in its own capacity as a Supplemental Rule B Defendant, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 13(a) and Rule E(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims asserts this Counterclaim against Plaintiff and Counter-Defendant, MS "PUCON" SCHIFFFAHRTSGESELLSCHAFT MBH & CO. KG. (hereinafter "Owners" or "Counter-Defendant"), and would respectfully show the Court as follows:

1. This is a Counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure.

2. This Counterclaim arises under this Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, the Supplemental Rules for Certain Admiralty and Maritime Claims including claims arising under federal law and as set forth in 28 U.S.C. § 1333.

3. At all times material hereto, Counter-Claimant was and still is a business entity organized under the laws of Delaware with a principal place of business in Chicago, Illinois.

4. At all times material hereto and upon information and belief, Counter-Defendant was and still is a business entity organized under the laws of a foreign country with a principal place of business in Hamburg, Germany.

**FACTS**

5. NSC Atlantic Trading GmbH & Cie. KG ("NSC Shipping") entered into a time charter with GAT dated March 5, 2021, (the "Original Charter") for the hire of the bulk carrier vessel ALMIRANTE STORNI (the "Vessel"). *A copy of the Original Charter is attached hereto as Exhibit1.*

6. By an addendum to the Original Charter dated April 23, 2021, (collectively with the Original Charter, the "Charter Party") the head owner of the Vessel was changed from NSC Shipping to Counter-Defendant MS "PUCON" Schifffahrtsgesellschaft mbh & Co KG ("MS PUCON"); the charter period for the Vessel was extended until December 31, 2021; and a new hire rate of $13,300.00 per day was to apply retroactively from April 19, 2021. *See Clauses 2, 3, 4, and 7 of the addendum attached hereto as Exhibit 2.*

7. This time charter party agreement is a maritime contract.

8. The Charter Party contains a law and jurisdiction clause requiring all disputes to be heard in London Arbitration.

9. Pursuant to the terms and conditions of the Charter Party, hire was to be paid fifteen (15) days in advance. *See Exhibit 1, at Clause 5.*

10. The Vessel was redelivered on September 27, 2022. Following redelivery, as is customary, GAT performed a calculation of all amounts paid under the Charter Party, less the credits due in favor of GAT for periods of off-hire, bunkers on board, and other items for the purposes of issuing a final hire statement.

11. GAT issued its Final Hire Statement on December 20, 2022, outlining the calculations for all of the amounts due to/from Owners under the charter party. *A copy of the Final*

*Hire Statement is attached hereto as Exhibit 3.* As set forth in the Final Hire Statement, $197,191.17 in overpaid hire and other credits are due in favor of GAT from Owners, including:

    a. Off-hire period as a consequence of 6.04 days lost as a result of the breakdown of crane no.4 during loading operations;

    b. Off-hire period as a consequence of issues with the bills of lading and customs clearance prior to berthing at Alexandria due to the fire, on the basis that Owners were responsible for the cause of the fire; and

    c. Off-hire period as a consequence of the excess time taken by Owners to discharge the Vessel.

12. Since that time, additional claims and charges have been made by sub-charterers that GAT has a right to pass up the charter chain to Owners. As such, GAT has additional claims for damages for the following:

    a. Third Party Cargo Claims - $16,840

    b. Storage Costs - $33,435

    c. Disbursement account charges for delays at the discharge port - $30,746.39

    d. Additional Off-hire due to the breakdown of crane no.4 that resulted in a total of 8 days of lost hire of $29,240.75 (i.e. an additional 1.96 days of off-hire claimed)

13. These additional charges total $110,262.14 and are summarized in the spreadsheet attached hereto as Exhibit 4.

14. Despite requests for payment of the outstanding hire due, Counter-Defendant has refused, neglected, and/or otherwise failed to submit payment in the amount of US$307,453.31 in violation of the Charter Party.

## COUNT I - BREACH OF CHARTER PARTY

15. Counter-Claimant GAT incorporates the allegations contained in Paragraphs one (1) through fourteen (14) of the above Counterclaim as if fully set forth herein.

16. As a result of Counter-Defendant Owners' breach of the charter party agreement, GAT expects to recover at least the following amounts in London Arbitration from Owners:

| | | |
|---|---|---|
| A. | Principal Claim | $307,453.31 |
| B. | Estimated Interest for Principal Claim<br>*2 years at 5.0 %* | $32,175.69 |
| C. | Estimated Arbitration Cost | $100,000 |
| F. | Estimated English Solicitor and Counsel Fees | $100,000 |
| | TOTAL: | $539,629.00 |

17. Counter-Claimant's total claim for unpaid hire and other damages plus applicable interest, costs, and fees in the aggregate estimated to be no less than **USD 539,629.**

## RULE E COUNTERSECURITY

18. Supplemental Rule E(7) for Admiralty and Maritime Claims provides in relevant part "When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise."

19. Accordingly, GAT respectfully requests that the Court order Owners to post countersecurity in an amount of no less than **USD 539,629.00**, pursuant to Supplemental Rule E(7), to be posted within ten (10) days of the issuance of the Order approving counter security.

## RESERVATION OF RIGHTS

GAT reserves the right to amend the Verified Answer and advance any and all additional potential counterclaims against Plaintiff.

**WHEREFORE**, Counter-Claimant Global American Transport LLC prays:

(1) That the Verified Complaint be dismissed together with costs and expenses incurred in defense of this action; and

(2) That the Court adjudge that Global American Transport LLC has no liability for any of the matters alleged in the Verified Complaint; and

(3) That Global American Transport LLC be awarded all costs including attorneys' fees; or

(4) In the alternative, if the Verified Complaint is not dismissed, that this Honorable Court grant the Counterclaim and enter an order directing MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG to post countersecurity in an amount of no less than **USD 539,629.00**; and

(5) That Global American Transport LLC be awarded such other, further and different relief and the Court may deem just, proper, and equitable.

Dated: March 10, 2023
Kirkwood, Missouri

Respectfully Submitted,

FAERBER & ANDERSON, P.C.

By: /s/ *Christine E. Anderson*
Christine Anderson, Esq.43982(MO)
Fritz Faerber, Esq. 20453(MO)
914 S. Kirkwood Rd., Suite 101
Kirkwood, Missouri 63122
Phone: (314) 394-9000
Fax: (314)394-3006
Email: fritz@faerberanderson.com
       chris@faerberanderson.com
*Attorneys for Defendant and*
*Counter-Claimant Global American Transport, LLC*

Of Counsel:

CHALOS & CO, P.C.

Briton P. Sparkman, Esq.
George M. Chalos, Esq.
Christopher T. Boyd, Esq.
7210 Tickner Street
Houston, Texas 77055
Phone: (713) 574-9582
Email: bsparkman@chaloslaw.com
　　　　gmc@chaloslaw.com
　　　　cboyd@chaloslaw.com

*Pro Hac Vice Applications Forthcoming*
*Attorneys for Defendant and*
*Counter-Claimant Global American*
*Transport, LLC*

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed and served through the ECF system this 10th day of March, 2023:

Steven T. Walsh
Timothy B. Niedbalski
SANDBERG, PHOENIX & von GONTARD, P.C.
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
swalsh@sandbergpheonix.com
tniedbalski@sandbergphoenix.com

*Attorneys for the Plaintiff.*