UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

-----------------------------------------------------------------------------x

MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG

                      Plaintiff,

      -against-

Global American Transport LLC

                      Defendant.

-----------------------------------------------------------------------------x

Case No.: 4:22-CV-01227RWS

## DEFENDANT'S MOTION TO DEPOSIT FUNDS HELD BY GARNISHEE INTO THE REGISTRY OF THE COURT AND STAY THE ACTION PENDING ARBITRATION

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Defendant, Global American Transport LLC (hereinafter "Defendant"), by and through undersigned counsel, and respectfully moves this Court for an Order directing that the USD 2,120.35 held by Garnishee BMO Harris Bank, N.A. (hereinafter "Garnishee") and belonging to Defendant (hereinafter "the Subject Funds") be deposited into the Registry of the Court in accordance with Local Rule 13.04(a), and for an Order to stay this action pending arbitration. In support of its motion, Defendant would respectfully show as follows:

### I. Procedural Background

Plaintiff MS "PUCON" Schifffahrtsgesellschaft mbH & Co. KG (hereinafter "Plaintiff") commenced this action pursuant to, *inter alia*, Federal Rule of Civil Procedure 9(h) and Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter "Supplemental Rules"), in order to obtain security for its claims against Defendant currently pending in an underlying arbitration proceeding before the London Maritime Arbitrators Association (hereinafter "LMAA"). *See* Doc. 1, ¶¶ 21-25, 31-32. Plaintiff sought and obtained an *ex parte* Order authorizing a Writ of Maritime Attachment,

1

permitting the attachment of property belonging to Defendant in an amount up to USD 1,075,891.41. *See* Doc. 11 & 12.

On or about November 18, 2022, the Writ of Maritime Attachment was served on Garnishee, and Garnishee is now holding funds in the amount of USD 2,120.35 pending the outcome of the present matter. *See* Doc. 17, ¶¶ 1-6. This account and these funds are the only property of Defendant which Plaintiff has allegedly located and attached within this Court's jurisdiction. The underlying substantive merits of Plaintiff's claim against Defendant will be decided by the LMAA Arbitration panel. Accordingly, it is respectfully requested that the Court order the deposit of the Subject Funds into the Registry of the Court pending the resolution of the immediate action, and stay the present ancillary Rule B attachment action pending the outcome of arbitration.

## II. Argument

**a. Defendant's Request to Deposit the Subject Funds into the Registry of the Court Should be Granted.**

It is common for this and other District Courts within the Eighth Circuit to grant requests for disputed funds to be paid into the Court's Registry pending the resolution of a particular case. *See e.g. State Farm Fire & Cas. Co. v. Peitz,* No. 4:17-CV-2927 NAB, 2018 U.S. Dist. LEXIS 98230 *10 (E.D. Mo. June 12, 2018); *N. Am. Co. for Life & Health Ins. v. Moua*, No. 2:22-cv-2152, 2023 U.S. Dist. LEXIS 69386 *3 (W.D. Ark. Apr. 20, 2023); *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-877 (JRT/TNL), 2015 U.S. Dist. LEXIS 145843 *5 (D. Minn. Oct. 27, 2015). Supplemental Rule B specifically provides for the Court to grant such relief. *See* Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions B(3)(a). In addition, Garnishee is unopposed to the relief sought. Deposit of the funds into the Registry of the Court pending the outcome of the action is in the interests of justice and judicial efficiency, and Defendant's Motion for an Order directing

and authorizing Garnishee to pay the Subject Funds into the Court's Registry should be granted.

    **b. This Honorable Court Should Grant Defendant's Motion to Stay this Action Pending Arbitration.**

There is a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S. Ct. 1238, 1240, 84 L. Ed. 2d 158 (1985); *see also* Federal Arbitration Act, 9 USC §§ 1-14 and 201-208. It is well established under the Federal Arbitration Act that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement</u>. . .

9 U.S.C. § 3 (emphasis added).

Where, as here, the parties have negotiated and agreed for their disputes to be heard in a specified forum, before a panel of arbitrators, there is no disagreement that LMAA Arbitration is the proper forum to adjudicate the substantive merits of the parties' dispute. This action was commenced as an ancillary proceeding under Rule B of the Supplemental Admiralty Rules in order to: (a) obtain security in aid of the underlying LMAA Arbitration; (b) obtain jurisdiction over Defendant *in personam* through its property; and (c) assure satisfaction of any judgment. *See Jackson v. Inland Oil & Transport Co.*, 318 F.2d 802, 806 (5th Cir. 1963); *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437-438 (2d Cir. 2006); *see also Swift & Co. Packers v. Compania Colombiana del Caribe, S.A.*, 339 U.S. 684, 693, 70 S. Ct. 861, 94 L. Ed. 1206 (1950)). Courts routinely grant stays of Rule B attachment actions pending the outcome of the underlying arbitration. *See, e.g. Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 985 (5th Cir. 1992)(citing with approval the district court's entry of stay of the Rule B attachment

action pending arbitration); *Cordoba Shipping Co. v. Maro Shipping, Ltd*., 494 F. Supp. 183 (D. Conn. 1980) (district court granted stay pending arbitration following attachment of funds pursuant to Rule B order of attachment).

Even without statutory authority, a District Court may stay litigation pursuant to its inherent power to control its docket and promote judicial economy. *Odell Assocs. v. Alton Ochsner Med. Found.*, 2001 U.S. Dist. LEXIS 22071 at *6 (E.D.L.A. 2001); *see also Ghormley v. Johnson & Johnson*, No. 4:17-CV-00585 (CEJ), 2017 U.S. Dist. LEXIS 63971 at *3 (E.D. Mo. Apr. 27, 2017). The Eighth Circuit recognizes the District Court's discretionary power to stay litigation when appropriate. *Sierra Club v. United States Army Corps of Eng'rs*, 446 F.3d 808 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 117 S. Ct. 1636 [1997]). As the substantive merits of this dispute will be decided by the LMAA Arbitration panel rather than this Honorable Court, a stay of this proceeding would be appropriate and Defendant hereby moves this Court accordingly.

Plaintiff has not consented to the stay. However, since the service of the original Writ of Attachment, the Plaintiff has not sought any other relief in this matter pursuant to the Supplemental Rules. This is because none is available. Furthermore, as all substantive disputes will be resolved in foreign arbitration, it is respectfully submitted that it is in the interests of justice and judicial efficiency for this matter to be stayed pending arbitration and administratively closed.

**WHEREFORE**, since the substantive dispute is to be determined in the underlying LMAA Arbitration, and no discovery or other action will take place in the pending proceedings, and all the elements necessary for the proper issuance of a stay have been met, Defendant respectfully moves this Honorable Court to authorize and direct Garnishee to deposit the Subject Funds into the Registry of the Court, and to stay this matter pending arbitration. Defendant further requests this Court to reserve jurisdiction over this case to enforce any further Orders of the Court.

Dated: April 28, 2023
       Kirkwood, Missouri

Respectfully Submitted,

FAERBER & ANDERSON, P.C.

By: /s/ Christine Anderson
    Fritz Faerber, Esq. MO 20453
    Christine Anderson, Esq. MO 43982
    914 S. Kirkwood Rd, Suite 101
    Kirkwood, Missouri 63122
    Phone: (314) 394-9000
    Fax: 314-394-3006
    Email: fritz@faerberanderson.com
           chris@faerberanderson.com

*Attorneys for Defendant and Counter-Claimant Global American Transport, LLC*

Of Counsel:

CHALOS & CO, P.C.

Briton P. Sparkman, Esq.
George M. Chalos, Esq.
Christopher T. Boyd, Esq.
7210 Tickner Street
Houston, Texas 77055
Phone: (713) 574-9582
Email:  bsparkman@chaloslaw.com
          gmc@chaloslaw.com
          cboyd@chaloslaw.com

*Pro Hac Vice Applications Forthcoming
Attorneys for Defendant and Counter-Claimant Global American Transport, LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and accurate copy of the foregoing was filed and served through the EFC system this 28th day of April, 2023:

Steven T. Walsh
Timothy B. Niedbalski
SANDBERG, PHOENIX & von GONTARD, P.C.
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
swalsh@sandbergphoenix.com
tniedbalski@sandbergphoenix.com

*Attorneys for Plaintiff*